**UNITED STATES DISTRICT COURT**
**DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHAMLEY PIPE & SALVAGE, LLC<br><br>Defendant. | **COMPLAINT** |

Plaintiff, Travelers Casualty and Surety Company of America ("Travelers" or "Plaintiff"), through its undersigned counsel, submits its Complaint against Chamley Pipe & Salvage, LLC (the "Defendant" or "Chamley").

## I. PARTIES

1. Plaintiff is a corporation existing under the laws of the state of Connecticut with its principal place of business in Hartford, Connecticut.

2. The Defendant is a North Dakota limited liability company with its principal business address of 5426 134th Avenue Northwest, Williston, North Dakota 58801.

## II. JURISDICTION/VENUE

3. Plaintiff hereby incorporates by reference all the allegations contained above as though set forth herein.

4. This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332 (diversity) because the amount in controversy exceeds the sum of $75,000. More specifically, Plaintiff seeks reimbursement of losses totaling at least $1,495,147.00.

5. Plaintiff is a citizen of a different state than the Defendant. As set forth above, Plaintiff's state of incorporation is in Connecticut, and its principal place of business is located in Connecticut. The Defendant is a North Dakota limited liability company with a principal place of business in North Dakota. Therefore, Chamley is a citizen of North Dakota.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because Defendant's principal place of business is in Williston, North Dakota.

## III. GENERAL ALLEGATIONS

7. Plaintiff hereby incorporates by reference all the allegations contained above as though set forth herein.

8. Chamley is a company in the business of waste removal, recycling, and resale of used industrial materials.

9. Dakota Supply Group, Inc. ("Dakota Supply") is a company in the business of wholesale distribution of construction and industrial supplies.

10. On or about January 1, 2024, Plaintiff issued a Fidelity and Crime Policy, Policy No. 037-LB-106000175 (the "Policy") on behalf of Dakota Supply. The Policy provided coverage in the event of a misappropriation of property or employee theft, with a policy period of January 1, 2024, to December 31, 2024.

11. At all times relevant herein, Plaintiff insured Dakota Supply.

12. Jonna M. Stroh ("Ms. Stroh") was an employee of Dakota Supply, with dates of employment between June 21, 2024, and September 5, 2024.

13. During her employment with Dakota Supply, Ms. Stroh stole Dakota Supply's property on at least eighteen different occasions.

14. After stealing Dakota Supply's property, Ms. Stroh repeatedly loaded the materials

onto a trailer attached to a truck and transported the stolen property to the Defendant's place of business, located at 5226 134th Ave NW, Williston, North Dakota, 58801.

15. Thereafter, Ms. Stroh would sell the stolen materials through dealings with William R. Chamley, the owner and operator of Chamley Pipe & Salvage ("Mr. Chamley"), or a Chamley employee.

16. Based upon a police report released by the City of Williston Police Department, Chamley Pipe & Salvage paid Ms. Stroh approximately $135,000.00 for the approximately $1,500,000.00 in stolen cable materials through multiple payments.

17. On or about October 3, 2024, Dakota Supply submitted a theft claim under the Policy. Thereafter, Dakota Supply submitted a proof of loss to Plaintiff in the amount of $1,509,915.00 on December 31, 2024.

18. Dakota Supply provided pictures and videos of Ms. Stroh removing spools of wire from Dakota Supply property, inventory reports listing the stolen property, and correspondence from law enforcement listing the dates payments were made by Chamley to Ms. Stroh.

19. On or about February 17, 2025, after Plaintiff received supporting documentation from Dakota Supply, Plaintiff paid $1,495,147.01 (the amount of Dakota Supply's loss, less its deductible under the Policy) to Dakota Supply under the Policy.

20. Chamley accepted and bought stolen scrap despite various indications that the scrap metal was stolen.

21. As a result of Chamley's intentional and/or negligent acts, Dakota Supply suffered property losses totaling at least $1,509,915.00.

22. Pursuant to North Dakota law, because Plaintiff paid Dakota Supply for its loss under the Policy, Plaintiff is subrogated to Dakota Supply's rights and claims of action against

Chamley.

23. On January 7, 2026, Ms. Stroh plead guilty to criminal theft of over $50,000, a Class A Felony under North Dakota's Criminal Code, in Williams County District Court Case No. 53-2025-CR-00370 (the "Criminal Case"), for the theft of Dakota Supply's property.

24. The court presiding over the Criminal Case awarded Plaintiff restitution in the amount of $1,495,147.01 and converted the award into a civil judgment, currently docketed in Williams County District Court Case No. 53-2026-CV-00680.

25. To date, Ms. Stroh has failed to pay any restitution or satisfy Plaintiff's judgment entered against her.

26. As a result of Ms. Stroh's theft of Dakota Supply's property, Ms. Stroh was sentenced to serve a term of 20 years with the Department of Corrections and Rehabilitation, with 16 years suspended in the Criminal Case.

## FIRST CLAIM FOR RELIEF

### Negligence

27. Plaintiff hereby incorporates by reference all the allegations contained above as though set forth herein.

28. North Dakota Century Code §§ 51-35-01 through 51-35-04 defines North Dakota scrap dealer duties regarding the purchasing and processing of scrap materials.

29. Chamley owed a duty to Dakota Supply and other members of the Williston Community to operate in a manner consistent with North Dakota scrap dealer laws.

30. Chamley knew or reasonably should have known that the cable spools and other materials it purchased from Ms. Stroh were stolen.

31. Chamley breached its duty when it bought and accepted stolen Dakota Supply

property from Ms. Stroh.

32. As a direct and proximate result of Chamley's negligence, Dakota Supply suffered a $1,509,915.00 loss, and Travelers paid Dakota Supply $1,495,147.01 under the Policy on account of this loss.

**SECOND CLAIM FOR RELIEF**

**Unjust Enrichment**

33. Plaintiff hereby incorporates by reference all the allegations contained above as though set forth herein.

34. Chamley was unjustly enriched when it bought the stolen goods, valued at $1,509,915.00, for approximately $135,000.

35. Dakota Supply and Plaintiff were impoverished due to the theft and sale of stolen property.

36. Dakota Supply's and Plaintiff's impoverishment is a direct result of Chamley's enrichment and there exists a connection between such impoverishment and enrichment.

37. No justification exists for Chamley's enrichment and Dakota Supply and Plaintiff's impoverishment.

38. There is no other remedy provided by law.

**THIRD CLAIM FOR RELIEF**

**Conversion**

39. Plaintiff hereby incorporates by reference all the allegations contained above as though set forth herein.

40. Between June 21, 2024, and September 5, 2024, Ms. Stroh made numerous unauthorized transfers of stolen property to Chamley with a value of at least $1,509,915.00.

41. Dakota Supply did not authorize Chamley to possess its stolen property.

42. Chamley was not entitled to possess and/or exercise control over the stolen property.

43. Between June 21, 2024, and September 5, 2024, Chamley obtained the stolen property from Ms. Stroh with an intent to exercise control over the stolen property and permanently deprive Dakota Supply of the stolen property.

## FOURTH CLAIM FOR RELIEF

### Civil Conspiracy

44. Chamley and Ms. Stroh pursued a common plan or design to commit the wrongful act of stealing and selling stolen Dakota Supply property valued at $1,509,915.00.

45. Chamley and Ms. Stroh acted in concert to commit the tortious acts of conversion and unjust enrichment.

46. Chamley aided and encouraged the tortious act of conversion and unjust enrichment.

47. Chamley ratified or adopted the tortious act of conversion and unjust enrichment for its benefit.

48. Chamley is jointly and severally liable with Jonna Stroh for all damages attributable to their unjust enrichment and conversion of Dakota Supply's stolen property.

## JURY DEMAND

49. Plaintiff demands a trial to a jury of six (6) on all counts so triable.

## CONCLUSION

**WHEREFOR,** Plaintiff requests entry of a final judgment in its favor and against Defendant Chamley, awarding monetary damages, interest, costs, and expenses that have resulted

from Chamley's negligence, unjust enrichment, and conversion of Dakota Supply's property, and for such other relief deemed just and proper under the circumstances.

Respectfully submitted this 29th day of June, 2026.

THE HUSTEAD LAW FIRM
*A Professional Corporation*

*Original Signature is on file at The Hustead Law Firm, A Professional Corporation*

*s/Jeffrey A. Hegewald*
Patrick Q. Hustead, Esq., Bar No. 7443
Jeffrey A. Hegewald, Esq., Bar No. 10321
THE HUSTEAD LAW FIRM,
*A Professional Corporation*
4643 S. Ulster Street, Suite 1250
Denver, Colorado 80237
Telephone: (303) 721-5000
Email: pqh@thlf.com
jah@thlf.com
*Attorneys for Plaintiff*